O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JIMMY McCRORY, | ) | CASE NO. CV 07-03987 (RZ) |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff asserts that the Administrative Law Judge erred in not accepting the opinion of his treating physician and in discounting his subjective complaints.

On August 11, 1999, Russell Nelson, M.D., who had been treating Plaintiff for a disc problem arising from at least one, and maybe two accidents, stated in writing that "[o]n a prophylactic basis, the patient's present low back disability is going to leave him with a restriction midway between no heavy work and light work only. In addition, it is going to preclude prolonged sitting." [AR 119] The Administrative Law Judge rejected this assessment, stating that "this conclusion is not supported by the few findings stated in Dr. Nelson's report. It should be noted that Dr. Nelson indicated that there was a 'loss of motion' on examination, but he failed to provide a detailed measurement (in degrees) of the loss of motion." [AR 30] Relying on cases which give priority to the opinion of a

treating physician, *see, e.g., Lester v. Chater*, 81 F.3d 821 (9th Cir. 1996), Plaintiff asserts that the Administrative Law Judge erred in reaching this conclusion.

The medical expert who testified at the hearing, Dr. Gurvey, testified that there was nothing in the medical records, including Dr. Nelson's own report, which justified the limitations which Dr. Nelson suggested. [AR 620] Dr. Gurvey also stated that, based on his review of the records, at no time was Plaintiff unable to do any kind of work for a period of 12 months [AR 625], even though there may have been intermittent periods when Plaintiff might not have been able to work. [AR 630] Thus, the Administrative Law Judge's conclusion that the treating physician's opinion could not be justified on the basis of the written records had the evidentiary support of the opinion of the testifying expert.

In this Court, Plaintiff rejoins that the Administrative Law Judge, and hence the testifying expert, were wrong, that there was support in the records for Dr. Nelson's opinion. But, although Plaintiff says that Dr. Nelson's reports and "the objective findings therein" are consistent with his opinion (Plaintiff's Memorandum in Support of Complaint 5:23-24), there is no explanation of how this is so, and more importantly, no testimony from an expert or other evidence explaining how there are, in fact, objective findings to support Dr. Nelson's opinion. The Administrative Law Judge has the responsibility of weighing and interpreting the evidence, and Plaintiff has not shown how the Administrative Law Judge breached that obligation. When the evidence can be interpreted rationally to support the Administrative Law Judge's conclusion, the Court must do so. *Batson v. Commissioner*, 359 F.3d 1190, 1196 (9th Cir. 2004).

Plaintiff also complains that the Administrative Law Judge wrongly discounted his subjective complaints of pain. The law is well settled. If a claimant alleges "excess pain" and produces medical evidence of an impairment which reasonably could be expected to produce the pain alleged, then the Administrative Law Judge may reject the claims of pain only if he makes specific findings stating clear and convincing reasons for doing so. *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*,

80 F.3d 1273 (9th Cir. 1996).  Here, the Administrative Law Judge identified a number of reasons for not believing that Plaintiff's pain was as disabling as Plaintiff suggested:  that the reason for discontinuing pool therapy was unconvincing; that there was spotty treatment; that over-the-counter medications brought relief; that Plaintiff's allegations of disability were undermined by the fact that he had worked some in 2003; and that there was no indication that he required assistance with basic activities.  [AR 28]  These are the sorts of matters which the Administrative Law Judge may rely on if he finds a Plaintiff not to be credible.  *Bunnell*, 947 F.2d at 346; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995).

Plaintiff having failed to show that the Commissioner erred, the decision of the Commissioner is affirmed.

DATED:  May 14, 2008

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE